FILED IN MY OFFICE
DISTRICT COURT CLERK
9/22/2015 4:33:43 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA WILLIAMSON,

      **Plaintiff,**

vs.                                                    **No.**     D-202-CV-2015-07436

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

      **Defendant.**

## COMPLAINT FOR DAMAGES
## FOR BREACH OF INSURANCE DUTIES

### Introduction

    Plaintiff Teresa Williamson is bringing this action against her insurance company, Defendant MetLife, for failure to provide underinsured motorist coverage.

### Parties, Venue, and Jurisdiction

1. Plaintiff Teresa Williamson resides in Bernalillo County, New Mexico.

2. Metropolitan Property and Casualty Insurance Company ("MetLife") is a registered foreign insurer with an agent designated for service in Santa Fe County, New Mexico.

3. The incident giving rise to this Complaint occurred in Bernalillo County.

4. Jurisdiction is proper in this Court.

5. Venue is proper in this Court.

### General Allegations

6. On April 27, 2012, Ms. Williamson was parked at a red light when she was rear-ended by a full size pickup truck in Bernalillo County.

**EXHIBIT A**

7. At the time of the collision, Ms. Williamson was insured by MetLife which provided uninsured/underinsured motorist coverage.

8. On March 13, 2015, Ms. Williamson settled her third-party claim against the at-fault driver for $43,000 (the at-fault driver's policy limit was $50,000).

9. However, this settlement barely covered Ms. Williamson's past medical expenses of $37,125.

10. Moreover, the settlement failed to compensate Ms. Williamson for past pain and suffering, future pain and suffering, and future medical payments.

11. Therefore, MetLife is contractually obligated to provide underinsured coverage for these uncompensated damages.

12. As part of its claims process, MetLife required Ms. Williamson to undergo an Independent Medical Examination.

13. MetLife selected and hired the Independent Medical Examiner who examined Ms. Williamson.

14. MetLife's Independent Medical Examiner determined that the April 27th motor vehicle collision permanently injured Ms. Williamson.

15. Specifically, MetLife's Independent Medical Examiner listed the following injuries caused by the April 27th motor vehicle collision: (1) "Cervical spondylosis without myelopathy or facet joint degeneration, exacerbation/aggravation", (2) "Cervical disc degeneration/aggravation/exacerbation", (3) "Lumbar disc degeneration, aggravation/exacerbation", and (4) "Lumbar facet arthropathy/lumbar spondylosis without myelopathy, aggravation/exacerbation"

16. MetLife's Independent Medical Examiner also concluded: "The[se] injuries, unfortunately, can be persistent."

17. Accordingly, MetLife's Independent Medical Examiner determined that Ms. Williamson would require future medical treatment.

18. In fact, MetLife's Independent Medical Examiner listed the specific future medical treatment that Ms. Williamson would require.

19. The cost of this future medical treatment itemized by MetLife's Independent Medical Examiner greatly exceeds the $250,000 policy limits of Plaintiff's uninsured/underinsured motorist coverage by MetLife--leaving no compensation for past pain and suffering, and future pain and suffering.

20. For example, MetLife's Independent Medical Examiner determined that Ms. Williamson would require three <u>cervical</u> facet blocks per year; at a cost of $11,400 per year, this would total $342,000 over Ms. Williamson's life expectancy.

21. MetLife's Independent Medical Examiner also determined that Ms. Williamson would require three <u>lumbar</u> facet blocks per year; at a cost of $4,132 each, this would total $371,880 over Ms. Williamson's life expectancy.

22. However, MetLife ignored these conclusions by its expert Independent Medical Examiner, and instead offered only $1,000 to indemnify Ms. Williamson for her past pain and suffering, future pain and suffering, and future medical payments.

23. As her insurer, MetLife owes a fiduciary duty to Ms. Williamson.

24. As part of this fiduciary duty, MetLife has a duty to act with the highest degree of honesty and loyalty towards Ms. Williamson.

25. As part of this fiduciary duty, MetLife also has a duty of utmost good faith, trust, confidence, and candor.

26. As Ms. Williamson's insurer, MetLife is obligated by the covenant of good faith and fair dealing.

## Count I
## Breach of Contract

27. MetLife is contractually obligated to provide underinsured coverage for Ms. Williamson's uncompensated damages arising out of her April 27, 2012, rear-end collision.

28. MetLife breached its contractual obligation by offering only $1,000 to indemnify Ms. Williamson for her past pain and suffering, future pain and suffering, and future medical payments.

## Count II
## Breach of Fiduciary Duty

29. Because MetLife's own expert Independent Medical Examiner has determined that the April 27th motor vehicle collision permanently injured Ms. Williamson, MetLife is obligated by its fiduciary duty to accept this conclusion that the April 27th motor vehicle collision permanently injured Ms. Williamson.

30. And because MetLife's own expert Independent Medical Examiner has determined that Ms. Williamson requires future medical treatment, MetLife is obligated by its fiduciary duty to accept this conclusion that Ms. Williamson requires future medical treatment.

31. And because the cost of the future medical treatment identified by MetLife's own expert Independent Medical Examiner greatly exceeds the policy limits, MetLife is obligated by its fiduciary duty to pay Ms. Williamson the policy limits.

32. However, MetLife breached its fiduciary duty by offering only $1,000 to indemnify Ms. Williamson for her past pain and suffering, future pain and suffering, and future medical payments.

33. In the alternative, by completely ignoring the conclusions of its own expert Independent Medical Examiner, MetLife breached its fiduciary duty by needlessly subjecting Ms. Williamson to an intrusive and irrelevant Independent Medical Examination.

34. Since the Independent Medical Examination is obviously irrelevant to MetLife's decision-making process, then MetLife used the Independent Medical Examination as an abusive tool to delay the processing of Ms. Williamson's claim, or to deter Ms. Williamson from making a claim.

## Count III
## Breach of Covenant of Good Faith and Fair Dealing

35. Because MetLife's own expert Independent Medical Examiner has determined that the April 27th motor vehicle collision permanently injured Ms. Williamson, MetLife is obligated by the covenant of good faith and fair dealing to accept this conclusion that the April 27th motor vehicle collision permanently injured Ms. Williamson.

36. And because MetLife's own expert Independent Medical Examiner has determined that Ms. Williamson requires future medical treatment, MetLife is obligated by the covenant of good faith and fair dealing to accept this conclusion that Ms. Williamson requires future medical treatment.

37. And because the cost of the future medical treatment identified by MetLife's own expert Independent Medical Examiner greatly exceeds the policy limits, MetLife is obligated by the covenant of good faith and fair dealing to pay Ms. Williamson the policy limits.

38. MetLife breached the covenant of good faith and fair dealing, and acted in bad faith, by offering only $1,000 to indemnify Ms. Williamson, which is a frivolous and unfounded offer.

39. In the alternative, by completely ignoring the conclusions and recommendations of its own expert Independent Medical Examiner, MetLife breached the covenant of good faith and fair dealing, and acted in bad faith, by needlessly subjecting Ms. Williamson to an intrusive and irrelevant Independent Medical Examination.

40. Since the Independent Medical Examination is obviously irrelevant to MetLife's decision-making process, then MetLife used the Independent Medical Examination as an abusive tool to delay the processing of Ms. Williamson's claim, or to deter Ms. Williamson from making a claim.

## Count IV
## Violation of the Trade Practices and Fraud Article
## of the Insurance Code

41. MetLife is obligated to comply with section 59A-16-20 of the New Mexico Unfair Insurance Practices Act.

### A. Section 59A-16-20(C)

42. Section 59A-16-20(C) prohibits MetLife from "failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies."

43. MetLife violated Section 59A-16-20(C) by unreasonably subjecting Ms. Williamson to an intrusive and irrelevant Independent Medical Examination.

44. Since the Independent Medical Examination is obviously irrelevant to MetLife's decision-making process, then MetLife used the Independent Medical

Examination as an abusive tool to delay the processing of Ms. Williamson's claim, or to deter Ms. Williamson from making a claim.

### B.  Section 59A-16-20(E)

45. Section 59A-16-20(E) prohibits MetLife from "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear."

46. MetLife violated 59A-16-20(E) by its frivolous and unfounded offer of $1,000 to indemnify Ms. Williamson for her past pain and suffering, future pain and suffering, and future medical payments.

### Count V
### Violation of the Unfair Practices Act

47. MetLife is obligated to comply with Section 57-12-2(D)(17) of the New Mexico Unfair Practices Act.

48. Section 57-12-2(D)(17) of the Unfair Practices Act prohibits MetLife from making "any false or misleading oral or written statement" that involves a "failure to deliver the quality or quantity of goods or services contracted for."

49. By offering the sum of $1,000 to resolve Ms. Williamson's underinsured claim, MetLife violated Section 57-12-2(D)(17) by falsely implying that $1,000 was sufficient to compensate Ms. Williamson for her past pain and suffering, future pain and suffering, and future medical payments--thereby failing to deliver the quantity of services contracted for.

### Damages

50. As a direct and proximate result of MetLife's misconduct, Ms. Williamson has suffered economic damages.

51. As a direct and proximate result of MetLife's misconduct, Ms. Williamson has suffered mental anguish.

## Prayer for Relief

**WHEREFORE**, on Count I, Ms. Williamson prays for judgment against MetLife in the amount of the policy limits, $250,000, minus an offset for the $43,000 settlement with the at-fault driver.

On the remaining counts, Ms. Williamson prays for judgment against MetLife in an amount to be proven at trial which is reasonable to compensate her for her injuries and losses, and for damages to be sustained in the future. Ms. Williamson also prays for punitive damages because MetLife acted in bad faith.

Ms. Williamson also prays for (1) the costs of this action, (2) pre- and post-judgment interest, (3) attorneys' fees, and any other relief which this Court may deem just and proper.

Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____

**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548
***Attorney for Plaintiff***

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/22/2015 4:33:43 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA WILLIAMSON,

      Plaintiff,

vs.                                     No.   D-202-CV-2015-07436

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Defendant.

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION UNDER LR2-603

I, Thomas J. Mescall, II, attorney for Plaintiff, certify that:

This case **is not** subject to referral to arbitration under Local Rule 2-603. At least one party seeks relief other than a month judgment and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive interest, costs, and attorney fees.

I further certify that this case is at issue within the meaning of Section I, Paragraph C of Local Rule 2-603

                                      Respectfully submitted,

                                      **Mescall Law Firm, P.C.**

                By: _/s/ Thomas J. Mescall, II_
                           **Thomas J. Mescall, II**
                           5201 Constitution Avenue NE
                           Albuquerque, New Mexico 87110
                           505.765.5548

                           *Attorney for Plaintiff*

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/22/2015 4:33:43 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA WILLIAMSON,

       Plaintiff,

vs.                                No.   D-202-CV-2015-07436

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendant.

## JURY DEMAND

Plaintiff requests a six-person jury.

                                       Respectfully submitted,

                                       **Mescall Law Firm, P.C.**

                                       By: _/s/ Thomas J. Mescall, II_
                                       **Thomas J. Mescall, II**
                                       5201 Constitution Avenue NE
                                       Albuquerque, New Mexico 87110
                                       505.765.5548

                                       *Attorney for Plaintiff*

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/24/2015 2:42:15 PM
James A. Noel
Pam Martinez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA WILLIAMSON,

      Plaintiff,

vs.                                            No. <u>D-202-CV-2015-07436</u>

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

      **Defendant.**

<u>NOTICE OF EXCUSAL</u>

The undersigned, pursuant to Rule 1-088.1(A), hereby notifies the court that the Honorable Carl J. Butkus is excused from presiding over the above-captioned case.

Dated this 24th day of September, 2015.

                                            Respectfully submitted,

                                            **Mescall Law Firm, P.C.**

                By: _____
                               **Thomas J. Mescall, II**
                               5201 Constitution Avenue NE
                               Albuquerque, New Mexico 87110
                               Phone: 505.765.5548
                               ***Attorney for Plaintiff***

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/28/2015 9:56:07 AM
James A. Noel
Pam Martinez

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT


TERESA WILLIAMSON

V.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY                                                No. D-202-CV-2015-07436


NOTICE OF JUDGE REASSIGNMENT


The above referenced case has been reassigned to the Honorable Valerie Huling, District Judge, Second Judicial District. This reassignment is effective 9/28/2015.


JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Pamela Martinez

Electronically Filed On: 9/28/2015
To All Parties Entitled to Notice

**EXHIBIT A**

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/28/2015 12:10:57 PM
James A. Noel
Christina Villa

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA WILLIAMSON,

        Plaintiff,

vs.                               No.     D-202-CV-2015-07436

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendant.

## CERTIFICATE OF SERVICE

I, Thomas J. Mescall, II, attorney for Plaintiff, certify that on September 28, 2015, I served, via regular mail, the following pleadings on defendant Metropolitan Property and Casualty Insurance Company, c/o Rose Ann Archuleta of the Office of the Superintendent of Insurance:

- Complaint for Damages for Breach of Insurance Duties (court-endorsed)
- Plaintiff's Certification Regarding Arbitration Under LR2-603 (court-endorsed)
- Summones (court-endorsed)
- Jury Demand (court-endorsed)
- Notice of Excusal (court-endorsed)
- Notice of Judge Reassignment (court-endorsed)
- First Set of Interrogatories to Defendant Metlife
- Second Set of Interrogatories to Defendant Metlife
- First Set of Requests for Production to Defendant Metlife
- First Set of Requests for Admission to Defendant Metlife
- This Certificate of Service

        Respectfully submitted,

        **Mescall Law Firm, P.C.**

        By: _____
        **Thomas J. Mescall, II**
        5201 Constitution Avenue NE
        Albuquerque, New Mexico 87110
        505.765.5548
        *Attorney for Plaintiff*

# EXHIBIT A