**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

**TERESA WILLIAMSON,**

    **Plaintiff**

v.                                                No. 1:15-CV-958 JCH/LF

**METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On November 15, 2017, Plaintiff filed an Emergency Motion to Replace Plaintiff's Expert Witness (ECF No. 145). The Court held a hearing on January 9, 2018, to hear arguments on the motion. The Court ultimately reserved ruling on the emergency motion, but explained that its interest at the hearing was to determine the prejudice to the defense if there were a change in experts and whether a change was necessary. The Court indicated that if the case were to go to trial in February, it would deny Plaintiff's motion to replace her expert Dr. Shelley with Dr. Thomas Grace. The Court further stated, however, that if the trial setting were continued, the same level of prejudice would not exist. Following the hearing, the trial of this case was continued due to the Court's criminal docket. For the reasons stated at the hearing and given herein, the Court will grant the Plaintiff's Emergency Motion to Replace Plaintiff's Expert Witness (ECF No. 145).

A court should consider four factors when determining whether to permit modification of a scheduling order:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would

> disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

In this case, Plaintiff seeks to substitute an expert to testify to the same opinions as its prior expert and Plaintiff has already submitted Dr. Grace's expert report and CV. *See* Doc. 151-1 and 151-2. Any prejudice could be cured by deposing Dr. Grace, and thus the prejudice or surprise to Defendant regarding the new testimony is minimal. Trial is no longer imminent, and due to the congestion of the Court's docket, has not yet been set. Consequently, permitting amendment of the scheduling order would result in minimal disruption to the trial. Moreover, extra expense to Defendant can also be cured in other ways. Finally, after hearing the arguments of counsel at the hearing, the Court cannot say that the need for the new expert was a result of bad faith by Plaintiff. The Court is reluctant to permit Plaintiff herself to suffer repercussions of any lapse in judgment of her counsel, particularly where prejudice to Defendant is minimal and can be cured in ways less drastic than exclusion of Plaintiff's evidence. For all these reasons, the Court will permit amendment of the scheduling order and allow Plaintiff to substitute her expert witness. *Cf. Rimbert*, 647 F.3d at 1255 ("Since no trial date was set at the time Rimbert requested a new scheduling order, there is no reason the district court could not provide ample opportunity for Eli Lilly to test the opinions of the new expert witness, review the witness's reports, depose the new witness, and adequately defend against that expert at trial.").

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion to Replace Plaintiff's Expert Witness (**ECF No. 145**) is **GRANTED**. The Court will amend the scheduling order as follows:

1. Defendant will have **until March 23, 2018** to take the deposition of expert Dr. Thomas Grace.

2. Any motions related to the testimony of expert Dr. Thomas Grace must be filed **by April 20, 2018**.

_____
**UNITED STATES DISTRICT JUDGE**