IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA WILLIAMSON,

    Plaintiff,

v.                                                                                                                     CIV 15-0958 JHR/LF

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's oral motion at the pretrial conference to admit her Exhibit 11 and sub-exhibits thereto. The Court reserved ruling on the matter at the time, and now issues this Memorandum Opinion and Order to clarify the admissibility of the Exhibit.

**I)**     **Background**

After presentation of Plaintiff's claim for underinsured motorist insurance benefits, Defendant required an independent medical examination by Douglas A. Slaughter, M.D., who submitted his report which has been identified as Plaintiff's Exhibit 5. In the course of a pretrial conference held September 6, 2018, during which the Court ruled that Plaintiff's Exhibit 5 has been authenticated and qualified as a business record excepted from the hearsay ban, Plaintiff asked whether the Court would be admitting the medical records which are Plaintiff's Exhibit 11 based upon the foundation provided by Exhibit 5.

Plaintiff's Exhibit 11 consists of subparts numbered as Exhibits 11.1 through 11.10. Defendant objected to Plaintiff's Exhibit 11 as irrelevant, lacking foundation, misleading, and

containing inadmissible hearsay. *Defendant Metropolitan Property and Casualty Insurance Company's Objections to Plaintiff's Exhibit List* [Doc. 173], p. 3. Defendants nonetheless have stipulated to the authenticity of the documents within Exhibit 11, and to their qualification under an exception to the hearsay rule. *Defendant Metropolitan Property and Casualty Insurance Company's Memorandum of Law on Admissibility of Medical Records and Bills* [Doc. 255], p. 1. Defendant preserves an argument that "Plaintiff must still establish a foundation of relevancy through competent medical testimony that the records and treatment contained therein were medically necessary and reasonable." *Id.*, p. 2.

Plaintiff responded that Defendant's initial acceptance of the independent medical examination (Exh. 5) equates to an admission "that Plaintiff's injuries were caused by the accident, and that her treatment was reasonable and necessary." *Plaintiff's Response to Defendant's Objections to Plaintiff's Exhibits* [Doc. 178], p. 4.

During the pretrial conference, Plaintiff asked the Court to review the independent medical examination and provide an advance ruling as to whether it provides the necessary foundation for admission of Plaintiff's Exhibit 11.

**II) Standard for Admissibility of Medical Records**

Defendant's memorandum of law [Doc. 255] sets forth the relevance standard for the admission of medical records and bills. Where disputed, causation of injuries must be proved by expert testimony. *See, e.g., Pena v. Hawes*, 2014 WL 11512592, p. 1 (D.N.M. 2014). Expert testimony must also support a finding that the medical services provided were required for the caused injuries, and that the bills for those services are reasonable and necessary. *See, e.g., Segura v. K-Mart Corp.*, 133 N.M. 192, 199, 62 P.3d 283, 290 (Ct. App. 2002); *Pena, supra.*

**III) Value of Exhibit 5 as a Foundation for Admissibility of Medical Records**

The scope of Plaintiff's injuries caused by the auto collision that precipitated this case is the central dispute between the parties. The report of the independent medical examination (Exh. 5) provides some support for Plaintiff but less than she asserts. In Plaintiff's favor, Dr. Slaughter opines that Plaintiff suffers from "whiplash associated disorder" as shown by "C8 nerve root numbness", *id.,* p. 8, and that the collision caused "an exacerbation or a permanent aggravation of her cervical degeneration and lumbar degeneration [which] can be persistent*", id.*, p. 9, which he identifies more precisely as four related diagnoses, *id.* On the other hand, Dr. Slaughter does not provide a specific medical opinion about causation which goes beyond that limited scope.

As to past treatment, Dr. Slaughter expressly states that the x-rays and MRIs of Plaintiff's cervical and lumber spine were medically necessary and reasonable. *Id.*, p. 7. He does not address whether any bills for that service were reasonable.

Dr. Slaughter discusses pain management therapy in response to a question about "further" medical treatment. *Id.*, p. 8. He acknowledges a "single set" of past lumbar facet blocks but does not know of their effectiveness, but says Plaintiff "could undergo further lumbar facet blocks and potential radiofrequency ablation to assist in the pain relief from her degeneration which reportedly she was asymptomatic from prior to the motor vehicle collision." *Id.*. While that statement was specific to the cervical injury, he adds "This could also be a reasonable treatment in the cervical spine. However, Dr. Cheng has not been able to ascertain whether epidural injections or facet blocks are going to be most beneficial for her cervical pain." *Id.* Dr. Slaughter "suggest[s] … the appropriate injection approximately two to three times per year as needed for pain relief." *Id.* He also opines that Plaintiff should be on one non-steroidal anti-inflammatory medication, not her previous three. *Id.*

In sum, regarding pain management past and future, Exhibit 5 supports a conclusion that some pain management involving either facet blocks, epidural injections, or radiofrequency ablations applied to Plaintiff's lumbar and cervical spine could be appropriate treatment, along with a single non-steroidal anti-inflammatory medication, yet he does not assist the factfinder to define which of those approaches is best or will be sufficient. Moreover, at no time does Dr. Slaughter offer an opinion about the reasonableness of the cost of any of the services that could be needed.

**IV) Ruling**

The specific question asked by Plaintiff is whether the medical records contained in Plaintiff's Exhibit 11 are admissible based on the expected admission into evidence of the independent medical examination, Plaintiff's Exhibit 5. The short answer is that the IME would support admission of documents that do not go beyond the scope of corroborating Dr. Slaughter's diagnoses and the limited past treatment he discusses. To the extent that those documents present additional diagnoses, propose additional or different treatments, or evidence the financial cost of any treatment modality, the independent medical examination is not a sufficient foundation for admissibility.

IT IS SO ORDERED.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent